# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| THADDIUS L. HUMPHREY, | ) | |
| | ) | Case No. 1:13-cr-129; 1:17-cv-95 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Thaddius L. Humphrey's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 59). For the reasons stated hereafter, Petitioner's motion will be **DENIED.**

## I.    BACKGROUND

On December 17, 2014, Petitioner pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute twenty-eight grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and (b)(1)(B). (*See* Doc. 29.) The Court subsequently sentenced Petitioner to 151 months' imprisonment followed by a four-year term of supervised release. (Doc. 44.) Petitioner appealed, and the Sixth Circuit affirmed his conviction and sentence. *United States v. Humphrey*, 656 F. App'x 91 (6th Cir. 2016). Petitioner then filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on October 11, 2016. *United States v. Humphrey*, 137 S. Ct. 318 (2016). On April 10, 2017, Petitioner filed this motion seeking an order vacating and correcting

his sentence pursuant to 28 U.S.C. § 2255.[1]  (Doc. 59.)  This motion is now ripe for the Court's review.

**II.     STANDARD OF REVIEW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**III.    ANALYSIS**

Petitioner asserts that he is entitled to relief under 28 U.S.C. § 2255 due to ineffective assistance of counsel for two reasons:  (1) his attorney failed to explain the elements of the conspiracy charge to which Petitioner pled guilty; and (2) his attorney failed to object at sentencing to a variance in conspiracy evidence,[2] or, in other words, his attorney failed to object

---

[1] In its response to Petitioner's motion, the Government acknowledges that Petitioner's motion was timely filed.  (Doc. 63, at 3.)

[2] The term "variance" is generally used in the sentencing context to refer to the imposition of a sentence that falls outside of the range suggested by the United States Sentencing Guidelines. However, the term "variance" as used by Petitioner in his § 2255 motion refers to a situation in the conspiracy context when the evidence introduced by the government proves facts materially different from those alleged in the indictment. *United States v. Hettinger*, 242 F. App'x 287, 293 (6th Cir. 2007).  Specifically, this situation may arise where the indictment charges one conspiracy, but the evidence presented by the government shows multiple conspiracies. *United States v. Caver*, 470 F.3d 220, 235 (6th Cir. 2006).

2

when the government presented evidence of multiple conspiracies, but the indictment charged only one conspiracy. (*See* Docs. 59, 59-1.)

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, the court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

### A. Failure to Explain the Elements of the Conspiracy Charge

Petitioner appears to argue that he did not enter his guilty plea knowingly and voluntarily because "he, along with his lawyer was mistaken about the legal significance of 'agreement' to conspire in a conspiracy." (Doc. 59-1, at 8.) Specifically, he argues that his defense counsel did not inform him that it is not a crime to conspire only with a government agent. According to Petitioner:

> That Petitioner knew generally that a conspiracy required an "agreement" sheds little light on whether he meaningfully understood the governing law. In sum, this is a classic case of a defendant's "misunderstanding of the law" as it stood at the time of the plea. Thus, the record does not show that Petitioner's plea was made with an adequate understanding of the law, nor voluntary, due to this [mis]understanding[.]

(Doc. 59-1, at 11 (internal citation omitted)). In essence, Petitioner claims that he could not be convicted of conspiracy because he did not enter an agreement with anyone else besides the government's confidential informant, and his counsel was ineffective for not explaining this to him. (*Id.* at 14–19.) The Government argues that Petitioner's claim fails on the merits[3] because Petitioner "did in fact commit all the elements of the charged conspiracy and was properly convicted of that offense." (Doc. 63, at 6.)

Federal Rule of Criminal Procedure 11(b)(1)(G) requires that the Court be satisfied that the defendant understands the "nature of each charge to which the defendant is pleading."[4] This means a defendant must understand the essential elements of the offense to which he pleads guilty. *United States v. McCreary-Redd*, 475 F.3d 718, 723 (6th Cir. 2007). "Some rehearsal of the elements of the offense is necessary for any defendant." *United States v. Syal*, 963 F.2d 900, 905 (6th Cir. 1992). "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of

---

[3] The Government also contends that Petitioner's claim is procedurally defaulted because he did not raise it on appeal. Generally, "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). However, where the validity of a plea is raised in connection with a claim for ineffective assistance of counsel, it may be raised for the first time on collateral review. *See, e.g.*, *United States v. Yisrael*, 355 F. App'x 933, 934 (6th Cir. 2009) ("[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.").

[4] Petitioner asserts that Rule 11(c)(1) imposes this requirement, but this appears to be a mistake. The Court will give Petitioner the benefit of the doubt and will assume he has invoked Rule 11(b)(1)(G).

the law in relation to the facts." *United States v. Valdez*, 362 F.3d 903, 909 (6th Cir. 2004) (quoting *McCarthy v. United States*, 394 U.S. 459, 466 (1969)). "[I]n addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea." *McCarthy*, 394 U.S. at 467; *see* Fed. R. Crim. P. 11(b)(3).

In this case, Petitioner pled guilty to conspiracy. However, Petitioner argues that "if [he] agreed only with the [confidential informant] to distribute drugs, then the charge of conspiracy could not be shown." (Doc. 59-1, at 9.) Specifically, Petitioner argues that he could not be convicted of conspiracy because Ladarius Blount, the man who made a controlled purchase from Petitioner, was a confidential informant. (*See id.* at 12.) The Government responds that Petitioner's assertion that he only entered into an agreement to distribute crack cocaine with the confidential informant "is contrary to [P]etitioner's prior admissions to law enforcement agents that he had been purchasing crack cocaine weekly from another individual named 'J' and had been distributing it with the assistance of other non-law-enforcement individuals." (Doc. 63, at 5–6.)

The Sixth Circuit has held that to establish a conspiracy under 21 U.S.C. § 846, "the government must prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join, and participated in the conspiracy." *United States v. Burns*, 298 F.3d 523, 536 (6th Cir. 2002) (quoting *United States v. Gaitan-Acevedo*, 148 F.3d 577, 586 (6th Cir. 1998)). Each defendant "need not have had knowledge of every phase of the conspiracy to have intended to facilitate the common scheme." *Gaitan-Acevedo*, 148 F.3d at 586 (holding that the evidence of conspiracy against the defendant was sufficient because he knew that his criminal conduct was connected in some way to the success of the collective venture).

5

The government does not have to prove that each conspirator knew every member of the conspiracy, "or that each knew the full extent of the conspiracy, because such facts may be inferred from the interdependence of the enterprise." *United States v. Rogers*, 118 F.3d 466, 478 (6th Cir. 1997) (quoting *United States v. Lloyd*, 10 F.3d 1197, 1210 (6th Cir. 1993)).

Furthermore, "[a] defendant can conspire with individuals he has never met, so long as he participates and is aware of their assistance in the criminal venture." *Id.* (quoting *United States v. Medina*, 32 F.3d 40, 44 (2d Cir. 1994)). Although a conspiracy cannot be proven by an agreement between a defendant and a government agent or informant, "a government agent may serve as a 'link' between 'genuine' conspirators." *Id.* (quoting *United States v. Fincher*, 723 F.2d 862, 863 (11th Cir. 1984)).

Petitioner pled guilty to Count One of the Indictment, which charged that he and "others known and unknown to the Grand Jury" conspired to distribute 280 grams or more of a mixture and substance containing a detectable amount of crack cocaine. (Docs. 3, 29.) The record shows that, during Petitioner's plea colloquy, he acknowledged that he understood the charges against him, and that he agreed with the factual basis set forth in his plea agreement. (Doc. 49, at 14–21.) Despite this evidence, he now argues this plea could not have been entered knowingly.

Petitioner attempts to liken his case to those where the defendant only admitted to conspiring with a government agent, and therefore failed to admit to an essential element of the crime. *See, e.g.*, *Montgomery v. United States*, 853 F.2d 83, 85–86 (6th Cir. 1988) (finding an insufficient factual basis for plea where indictment identified a non-government co-conspirator, but, during plea colloquy, petitioner flatly denied conspiring with anyone other than government agents). Petitioner's case is distinguishable from such cases. After a confidential informant made a controlled buy from Petitioner, law-enforcement officers executed a search warrant on

Petitioner's residence and discovered forty grams of crack cocaine and a firearm. (Doc. 29, at 3; Doc. 48, at 13.) Petitioner subsequently admitted, in statements to law enforcement, that he had been purchasing crack cocaine weekly from another individual named "J" for approximately eight to ten months. (*See* Doc. 48, at 13–22.) The fact that a controlled buy from Petitioner took place through a government agent does not destroy the conspiracy and it is obvious to the Court, based on the record, that Petitioner worked with others—including the individual named "J"—to obtain the drugs for the sale to the informant. Accordingly, Petitioner's plea was based on an adequate factual basis, in conformity with Rule 11(b)(3), and the record demonstrates that Petitioner knew the essential elements of the charge against him.[5] *See also Davila v. Scully*, No. 89 CIV. 3903 (PNL), 1991 WL 67132, at *1 (S.D.N.Y. Apr. 16, 1991) ("[T]he requirement that a guilty plea be made knowingly and intelligently does not require that the defendant know everything there is to know about fact, law and procedure affecting his [plea]. If the requirement were as petitioner contends, virtually all guilty pleas would be revocable."). Accordingly, counsel's failure to inform Petitioner that a conspiracy requires more than an agreement with a government agent did not amount to constitutionally deficient performance.[6]

### B. Failure to Object to Variance in Conspiracy Evidence at Sentencing

Petitioner next argues that his attorney was ineffective for failing to object to a variance at sentencing, or, in other words, his attorney failed to object when the government presented

---

[5] A review of the transcript from Petitioner's plea colloquy confirms that the prosecutor recited the elements of the charged offense, Petitioner acknowledged that he understood those elements and the nature of the charges against him, and Petitioner entered a knowing and intelligent plea of guilty to the charges set out in count one of the indictment. (*See* Doc. 49, at 18–22.)

[6] Although the Court need not reach the question of whether counsel's alleged failure prejudiced Petitioner, it is clear that, because the record shows Petitioner did enter an agreement with individuals other than government informants, counsel's failure to inform him about this aspect of the law did not result in prejudice.

7

evidence of multiple conspiracies when the indictment charged only one conspiracy. (*See* Doc. 59-1, at 19–22.) Petitioner's basis for this alleged variance is his assertion that he was provided with discovery materials regarding a June 2013 transaction with Ladarius Blount, but the evidence offered by the United States at sentencing attempted to demonstrate Petitioner conspired with Adam Wiley. (*Id.* at 19–20.) The Government contends that, because Petitioner was charged with conspiring with "others known and unknown," its proof at sentencing "simply revealed who those others were and how much crack cocaine [P]etitioner and his co-conspirators actually distributed." (Doc. 63, at 6.)

"A variance occurs when the charging terms of the indictment are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment." *United States v. Hettinger*, 242 F. App'x 287, 293 (6th Cir. 2007) (quoting *United States v. Bearden*, 274 F.3d 1031, 1039 (6th Cir. 2001)). Where an indictment charges one conspiracy and "the evidence demonstrates only multiple conspiracies, a defendant is prejudiced if the error of trying multiple conspiracies under a single indictment substantially influenced the outcome of the trial." *United States v. Osborne*, 545 F.3d 440, 443 (6th Cir. 2008) (quoting *United States v. Caver*, 470 F.3d 220, 237 (6th Cir. 2006)). Petitioner's argument regarding a variance is inapplicable here— he accepted a plea agreement and did not proceed to trial.

Petitioner also appears to argue that, because Adam Wiley was not identified in the indictment, it was improper for the Government to introduce evidence of his role in the conspiracy at sentencing. (*See* Doc. 59-1, at 21.) This argument, too, lacks merit. The Sixth Circuit has held that the inclusion of "others known and unknown" in an indictment provides a defendant with sufficient notice of co-conspirators. *United States v. Vassar*, 346 F. App'x 17, 22 (6th Cir. 2009). Thus, his counsel's failure to object was not constitutionally deficient.

Petitioner has identified no other grounds for relief under § 2255. Because Petitioner has not established any basis on which a § 2255 motion may be granted, his motion will be **DENIED**.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that no evidentiary hearing for this motion brought pursuant to 28 U.S.C. § 2255 is necessary and, on the basis of the record before it, that Petitioner is not entitled to relief. Therefore, the § 2255 motion (Doc. 59) is **DENIED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**